IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BANCINSURE, INC.                                                           PLAINTIFF

V.                                    NO. 3:10-CV-013-JLH

C. GREG MILLER; DONNA MILLER;
LOUIS MILLER; HOWARD ELDRIDGE;
DONALD L. PARKER, SR.;
DAVID HOLBROOK; AND ASA CROW                                 DEFENDANTS

## ANSWER OF SEPARATE DEFENDANTS, C. GREG MILLER AND LOUISE MILLER

COME NOW the Separate Defendants, C. Greg Miller and Louise Miller, by and

through their attorneys, Laser Law Firm, P.A., and for their Answer to the Complaint of

the Plaintiff, BancInsure, Inc., state:

### I. THE PARTIES

1.      That Separate Defendants, C. Greg Miller and Louise Miller, are without

knowledge or information sufficient to form a belief as to the truth of the allegations

contained within Paragraph 1 of Plaintiff's Complaint and, therefore, deny the same;

2.      That Separate Defendant, C. Greg Miller, admits the allegations contained

within Paragraph 2 of Plaintiff's Complaint;

3.      That Separate Defendants, C. Greg Miller and Louise Miller, are without

knowledge or information sufficient to form a belief as to the truth of the allegations

contained within Paragraph 3 of Plaintiff's Complaint and, therefore, deny the same;

4.      That Separate Defendant, Louise Miller, admits the allegations contained

within Paragraph 4 of Plaintiff's Complaint;

5.     That Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 5 of Plaintiff's Complaint and, therefore, deny the same;

6.     That Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 6 of Plaintiff's Complaint and, therefore, deny the same;

7.     That Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 7 of Plaintiff's Complaint and, therefore, deny the same;

8.     That Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 8 of Plaintiff's Complaint and, therefore, deny the same;

## II.JURISDICTION AND VENUE

9.     That Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 9 of Plaintiff's Complaint and, therefore, deny the same;

10.     That Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 10 of Plaintiff's Complaint and, therefore, deny the same;

11.     That Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 11 of Plaintiff's Complaint and, therefore, deny the same;

## III. FACTUAL ALLEGATIONS

12.     That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 12 of Plaintiff's Complaint and attached thereto as Exhibit "1" ("the policy") speaks for itself, and, to the extent the allegations contained within Paragraph 12 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

13.     That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 13 of Plaintiff's Complaint and attached thereto as Exhibit "1" ("the policy") speaks for itself, and, to the extent the allegations contained within Paragraph 13 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

14.     That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 14 of Plaintiff's Complaint and attached thereto as Exhibit "1" ("the policy") speaks for itself, and, to the extent the allegations contained within Paragraph 14 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

15.     That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 15 of Plaintiff's Complaint and attached thereto as Exhibit "1" ("the policy") speaks for itself, and, to the extent the allegations contained within Paragraph 15 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

16.     That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 16 of Plaintiff's Complaint and attached thereto

as Exhibit "1" ("the policy") speaks for itself, and, to the extent the allegations contained within Paragraph 16 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

17.     That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 17 of Plaintiff's Complaint and attached thereto as Exhibit "1" ("the policy") speaks for itself, and, to the extent the allegations contained within Paragraph 17 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

18.     That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 18 of Plaintiff's Complaint and attached thereto as Exhibit "1" ("the policy") speaks for itself, and, to the extent the allegations contained within Paragraph 18 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

19.     That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 19 of Plaintiff's Complaint and attached thereto as Exhibit "1" ("the policy") speaks for itself, and, to the extent the allegations contained within Paragraph 19 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

20.     That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 20 of Plaintiff's Complaint and attached thereto as Exhibit "1" ("the policy") speaks for itself, and, to the extent the allegations contained within Paragraph 20 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

4

21.     That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 21 of Plaintiff's Complaint and attached thereto as Exhibit "1" ("the policy") speaks for itself, and, to the extent the allegations contained within Paragraph 21 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

22.     That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 22 of Plaintiff's Complaint and attached thereto as Exhibit "1" ("the policy") speaks for itself, and, to the extent the allegations contained within Paragraph 22 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

23.     That Separate Defendants, C. Greg Miller and Louise Miller, admit the allegations contained within Paragraph 23 of Plaintiff's Complaint;

24.     That Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 24 of Plaintiff's Complaint and, therefore, deny the same;

The Lawsuit

25.     That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 25 of Plaintiff's Complaint and attached thereto as Exhibit "2" ("the lawsuit") speaks for itself, and, to the extent the allegations contained within Paragraph 25 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

26.     That Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 26 of Plaintiff's Complaint and, therefore, deny the same;

27.     That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 27 of Plaintiff's Complaint and attached thereto as Exhibit "2" ("the lawsuit") speaks for itself, and, to the extent the allegations contained within Paragraph 27 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

28.     That Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 28 of Plaintiff's Complaint and, therefore, deny the same;

29.     That Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 29 of Plaintiff's Complaint and, therefore, deny the same;

30.     That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 30 of Plaintiff's Complaint and attached thereto as Exhibit "2" ("the lawsuit") speaks for itself, and, to the extent the allegations contained within Paragraph 30 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

31.     That Separate Defendants, C. Greg Miller and Louise Miller, admit the allegations contained within Paragraph 31 of Plaintiff's Complaint;

32.     That, in response to Paragraph 32 of Plaintiff's Complaint Separate Defendants, C. Greg Miller and Louise Miller, admit that correspondence dated

September 2, 2009, from BancInsure is attached to the Complaint as Exhibit "3"; that Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 32 of Plaintiff's Complaint and, therefore, deny the same;

33.     That, in response to Paragraph 33 of Plaintiff's Complaint Separate Defendants, C. Greg Miller and Louise Miller, admit that correspondence dated September 2, 2009, to BancInsure is attached to the Complaint as Exhibit "4"; that Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 33 of Plaintiff's Complaint and, therefore, deny the same;

34.     That, in response to Paragraph 34 of Plaintiff's Complaint Separate Defendants, C. Greg Miller and Louise Miller, admit that correspondence dated September 2, 2009, from BancInsure is attached to the Complaint as Exhibit "5"; that Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 34 of Plaintiff's Complaint and, therefore, deny the same;

35.     That Separate Defendants, C. Greg Miller and Louise Miller, admit the allegations contained within Paragraph 36 of Plaintiff's Complaint;

36.     That, in response to Paragraph 36 of Plaintiff's Complaint Separate Defendants, C. Greg Miller and Louise Miller, admit that correspondence dated December 4, 2009, from BancInsure is attached to the Complaint as Exhibit "7"; that Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or

7

information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 36 of Plaintiff's Complaint and, therefore, deny the same;

The Amended Lawsuit

37.    That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 37 of Plaintiff's Complaint and attached thereto as Exhibit "8" ("the Amended Lawsuit") speaks for itself, and, to the extent the allegations contained within Paragraph 37 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

38.    That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 38 of Plaintiff's Complaint and attached thereto as Exhibit "8" ("the Amended Lawsuit") speaks for itself, and, to the extent the allegations contained within Paragraph 38 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

39.    That Separate Defendants, C. Greg Miller and Louise Miller, admit the allegations contained within Paragraph 39 of Plaintiff's Complaint;

40.    That Separate Defendants, C. Greg Miller and Louise Miller, admit that the document referred to in Paragraph 40 of Plaintiff's Complaint and attached thereto as Exhibit "8" ("the Amended Lawsuit") speaks for itself, and, to the extent the allegations contained within Paragraph 40 of Plaintiff's Complaint are inconsistent with the language in that document, those allegations are denied;

41.    That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 41 of Plaintiff's Complaint;

42.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 42 of Plaintiff's Complaint;

43.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 43 of Plaintiff's Complaint;

44.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 44 of Plaintiff's Complaint;

45.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 45 of Plaintiff's Complaint;

46.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 46 of Plaintiff's Complaint;

47.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 47 of Plaintiff's Complaint;

48.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 48 of Plaintiff's Complaint;

49.     That, in response to Paragraph 49 of Plaintiff's Complaint Separate Defendants, C. Greg Miller and Louise Miller, admit that correspondence dated January 14, 2010, from BancInsure is attached to the Complaint as Exhibit "9"; that Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 49 of Plaintiff's Complaint and, therefore, deny the same;

50.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 50 of Plaintiff's Complaint;

51.     That Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 51 of Plaintiff's Complaint and, therefore, deny the same;

52.     That Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 52 of Plaintiff's Complaint and, therefore, deny the same;

53.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 53 of Plaintiff's Complaint;

<u>COUNT I – DECLARATORY JUDGMENT</u>

54.     That, in response to Paragraph 54 of Plaintiff's Complaint, Separate Defendants, C. Greg Miller and Louis Miller, readopt and reaffirm their responses to Paragraphs 1 through 53 of Plaintiff's Complaint;

55.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 55 of Plaintiff's Complaint;

56.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 56 of Plaintiff's Complaint;

57.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 57 of Plaintiff's Complaint;

58.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 58 of Plaintiff's Complaint;

59.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 59 of Plaintiff's Complaint;

60.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 60 of Plaintiff's Complaint;

61.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 61 of Plaintiff's Complaint;

62.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 62 of Plaintiff's Complaint;

63.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 63 of Plaintiff's Complaint;

64.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 64 of Plaintiff's Complaint;

## COUNT II - REPAYMENT OF DEFENSE COSTS

65.     That, in response to Paragraph 65 of Plaintiff's Complaint, Separate Defendants, C. Greg Miller and Louise Miller, readopt and reaffirm their responses to Paragraphs 1 through 64 of Plaintiff's Complaint;

66.     That Separate Defendants, C. Greg Miller and Louise Miller, are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 66 of Plaintiff's Complaint and, therefore, deny the same;

67.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 67 of Plaintiff's Complaint;

68.     That Separate Defendants, C. Greg Miller and Louise Miller, deny the allegations contained within Paragraph 68 of Plaintiff's Complaint;

69.     That Separate Defendants, C. Greg Miller and Louise Miller, deny that the Plaintiff is entitled to the damages sought in its prayer for relief, including subparts (1) through (4);

70.     That Separate Defendants, C. Greg Miller and Louise Miller, deny all material allegations contained within Plaintiffs's Complaint not, specifically, admitted herein;

## AFFIRMATIVE DEFENSES

71.     That, pleading affirmatively, the Complaint of the Plaintiff should be dismissed pursuant to Fed. R. Civ. P. Rule 12 (b)(6) for failure to state a claim upon which relief may be granted;

72.     That, pleading affirmatively, the Complaint of the Plaintiff should be dismissed pursuant to Fed. R. Civ. P. Rules 12(b)(1), (2) and (3) for lack of jurisdiction and improper venue;

73.     That, pleading affirmatively, Separate Defendants, C. Greg Miller and Louise Miller, plead any and all defenses, which may be applicable pursuant to Fed. R. Civ. P. Rule 8(c), including, but not limited to, accord and satisfaction, arbitration and award, estoppel, laches, payment, statute of limitations, and waiver;

74.     That Separate Defendants, C. Greg Miller and Louise Miller, adopt, pursuant to Fed. R. Civ. P. Rule 10(c), all affirmative defenses asserted by any co-Defendant to this action to the extent said affirmative defenses inure to their benefit.

75.     That Separate Defendants, C. Greg Miller and Louise Miller, reserve the right to amend and/or supplement their response hereto and plead further upon undertaking further discovery in this matter;

Respectfully submitted,


/s/ J. Cotten Cunningham
J. Cotten Cunningham, Ark. Bar No. 97238
Attorney for Separate Defendants,
C. Greg Miller and Louise Miller
LASER LAW FIRM, P.A.
101 South Spring Street, Suite 300
Little Rock, Arkansas 72201
501-376-2981; Facsimile: 501-376-2417
*ccunningham@laserlaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 9th day of March, 2010, a copy of the above and foregoing pleading has been electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Fred C. Statum, III
*fstatum@manierherod.com*
Jeffrey S. Price
*jprice@manierherod.com*
Sam H. Poteet, Jr.
*spoteet@manierherod.com*
Manier & Herod, P.C.
One Nashville Place
150 Fourth Avenue North, Suite 2200
Nashville, Tennessee 37219-2494
615-244-0030; Facsimile: 615-242-4203

Richard L. Ramsay
*rick.ramsay@elhlaw.com*
Eichenbaum, Liles & Heister, P.A.
Union National Plaza
124 West Capitol Avenue, Suite 1900
Little Rock, Arkansas 72201-3736
501-376-4531

/s/ J. Cotten Cunningham
J. Cotten Cunningham, Ark. Bar No. 97238
Attorney for Separate Defendants,
C. Greg miller and Louise Miller
LASER LAW FIRM, P.A.
101 South Spring Street, Suite 300
Little Rock, Arkansas 72201
501-376-2981; Facsimile: 501-376-2417
*ccunningham@laserlaw.com*